UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARTIN FREY,

        Plaintiff,

v.                                       CASE NO.

AGL ASSIGNMENT COMPANY, LLC,

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendant AGL Assignment Company, LLC ("AGLAC") files this Notice of Removal and states as follows:

### I.    STATE COURT ACTION

1.    Plaintiff Martin Frey ("Plaintiff") commenced this action on or about April 23, 2023 by filing a Complaint (the "Complaint") in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2023-CA-02821. Counsel for AGLAC accepted service of the Summons and Complaint effective May 18, 2023. No further proceedings have occurred in this action, and the Summons, Complaint, and Case Management Order constitute the only process, pleadings, or papers served in this action (collectively attached as **Exhibit 1**).

### II.    GROUNDS FOR REMOVAL

2.    This Court has original jurisdiction of this action under the provisions

of 28 U.S.C. § 1332 and it is one that may be removed to this Court by AGLAC pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (in determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal). Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since AGLAC was served with the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (the thirty days period for removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

3.      Further, removal of the state court action to this Court is proper under 28 U.S.C. § 1441(a) because this Court's district and division embraces the Eighteenth Judicial Circuit in and for Brevard County, Florida.

## A. Diversity of Citizenship

4.      This action satisfies 28 U.S.C. § 1332 because at the time the Complaint was filed and at the time of removal, the Parties have been citizens of different states.

5.      At all relevant periods, Plaintiff has been a citizen of the state of Florida. Complaint, ¶ 2.

6. Defendant AGLAC is a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). AGLAC's sole member is American General Life Insurance Company. American General Life Insurance Company is a corporation organized and existing under the law of the State of Texas and has its principal place of business in Texas. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . " 28 U.S.C. § 1332(c)(1). Thus, AGLAC is a citizen of Texas for purposes of diversity jurisdiction.

## B. Amount in Controversy

7. In the Complaint, Plaintiff alleges damages in excess of Fifty Thousand Dollars ($50,000.00), without specifically stating that the damages exceed this Court's $75,000.00 diversity jurisdictional amount in controversy requirement. Complaint, ¶ 1. Removal, however, cannot be denied due to Plaintiff's vagueness or omissions in the Complaint.

8. A defendant seeking removal on diversity grounds should not be denied "access to federal court merely because the complaint . . . is couched in nebulous terms." *Baker* 537 F. Supp. at 246 (citing *Gaitor v. Peninsular & Occidental Steamship*

*Co.*, 287 F.2d 252, 255 (5th Cir. 1961)).[1] Thus, in determining whether the amount in controversy exceeds the jurisdictional requirement, the allegations in the complaint must be given a reasonable interpretation. *Baker*, 527 F. Supp. at 246; *Estevez-Gonzalez*, 606 F. Supp. at 129. If the jurisdictional amount is not facially apparent from the complaint, courts should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Estevez*, 606 F. Supp. at 129 (holding the court may determine the amount in controversy for jurisdictional purposes by reference to the removal petition).

9.    Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional requirement. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *Pretka*, 608 F.3d at 752. A removing defendant can discharge this burden by showing that the allegations in the complaint and the notice of removal demonstrate that a verdict rendered in favor of the plaintiff could exceed $75,000.00. *See Williams*, 269 F.3d at 1319. Under *Williams*, if the jurisdictional amount is not facially apparent from the complaint and/or the notice of removal, the court should hold an evidentiary hearing to

---

[1] All opinions of the former Fifth Circuit decided prior to the close of business on September 30, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

determine the amount in controversy. *Id.* at 1319–20. Here, there is no doubt that more than $75,000.00 is in controversy, exclusive of interest and costs.

10.    Plaintiff alleges in the Complaint that he is entitled to certain "streams of periodic payments" pursuant to a Settlement Agreement between Plaintiff and various non-parties to this lawsuit. Complaint, ¶¶ 8, 14.

11.    "Although AGL Assignment was not a party to the Settlement Agreement, the Settlement Agreement provided that Frey, the Settlement Payors, and AGL Assignment would execute a Non-Qualified Assignment and Release ('NQAR')." *Id.*, ¶ 11.

12.    "Pursuant to the NQAR, the Settlement Payors were to assign to AGL Assignment their obligations to pay Frey certain periodic payments and AGL Assignment was to assume the Settlement Payors' obligations to make periodic payments to Frey." *Id.*, ¶ 12.

13.    "Under the NQAR, AGL Assignment was to fund the periodic payments to Frey by using the Assignment Payment to purchase two separate annuity contracts to be issued by American General Life Insurance Company." *Id.*, ¶ 13.

14.    The NQAR contemplated the following periodic payments:

- 240 monthly payments of $19,450.00 each, commencing February 1, 2023 through and including January 1, 2043 (the "Contested Payments"); and

- 120 monthly payments of $5,349.00 each, commencing February 1, 2023 through and including January 1, 2033

(together the "Periodic Payments"). Non-Qualified Assignment and Release, Exhibit 2 at 2.

15.     In his Complaint, Plaintiff claims that he has "suffered damages" due to AGLAC not paying him the Contested Payments and seeks the "fair value" of the Contested Payments. Complaint, ¶¶ 32, 37. The total value of the Contested Payments is $4,668,000. Thus, the amount in controversy is well above the $75,000 jurisdictional threshold.

### III.  CONCLUSION

16.     Complete diversity of citizenship exists between Plaintiff and AGLAC. Further, based on a reasonable interpretation of the pleadings and the record before this Court, Plaintiff's claim for damages is well over $75,000. Therefore, the amount in controversy as claimed by Plaintiff is well in excess of this Court's jurisdictional prerequisite. As such, it is clear that this Court has subject matter jurisdiction. Accordingly, Defendant AGLAC hereby removes this action from the Eighteenth Judicial Circuit in and for Brevard County, Florida to the United States District Court for the Middle District of Florida.

Dated: June 7, 2023          MCDOWELL HETHERINGTON LLP
                             Attorneys for Defendant
                             2385 N.W. Executive Center Drive, Suite 400
                             Boca Raton, FL 33431
                             (561) 994-4311
                             (561) 982-8985 fax


                             By:  ___*s/Wendy L. Furman*___
                                  WENDY L. FURMAN
                                  Fla. Bar No. 0085146

6

wendy.furman@mhllp.com
TUCKER MOTTA
Fla. Bar No. 112659
tucker.motta@mhllp.com

Of Counsel:
McDowell Hetherington LLP
Amy B. Boyea
C. Summer Simmons
1000 Ballpark Way, Suite 209
Arlington, Texas 76011
Telephone: (817) 635-7300
Facsimile: (817) 635-7308
amy.boyea@mhllp.com
summer.simmons@mhllp.com

## CERTIFICATE OF SERVICE

I certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of this document was served by U.S. First Class Mail on the following:

David N. Glassman
David N. Glassman, P.A.
218 Palmetto Avenue
Orlando, Florida 32801
dnglassman@bellsouth.net
*Attorney for Plaintiff*

*s/ Wendy L. Furman*
Wendy L. Furman